IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MELISSA RIOS-MONTOYA

Plaintiff

v.                                                    CIVIL 09–2229CCC

THE COMMONWEALTH OF PUERTO
RICO; CONSEJO DE DESARROLLO
OCUPACIONAL Y RECURSOS
HUMANOS; AURELIO
GONZALEZ-CUBERO, JANE DOE and the
conjugal partnership formed by them;
JOHN AND JANE ROE and their conjugal
partnership,  INSURANCE COMPANIES A,
B, and C

Defendants

## OPINION AND ORDER

This Section 1983 action, arising  from alleged political discrimination in violation of

the First Amendment of the United States Constitution, is now before us on defendants'

Motion for Summary Judgment, **(docket entry 26)** which plaintiff opposed (docket entry 30)

and to which movants replied (docket entry 37).  In addition to her First Amendment claim,

Ríos-Montoya also avers causes of action under the Fourteenth Amendment for procedural

and substantive due process, as well as various claims under the Puerto Rico Constitution,

Puerto Rico Law 100, 29 L.P.R.A. §149, et seq., Law 80, 29 L.P.R.A. §185a and

Article 1802 of the Civil Code of Puerto Rico.

The relevant facts engendering the December 9, 2009 complaint, as stated in that

pleading, are as follows.  Plaintiff began working for the Consejo de Desarrollo Ocupacional

y Recursos Humanos[1] of the Commonwealth of Puerto Rico (Council) as an attorney in a

regular career position on March 18, 2002 (¶12).  In 2007, she was appointed to the trust

position of Director of the Council's Legal Division.  Id.  In January, 2009 Governor Luis

Fortuño, of the New Progressive Party (NPP), appointed defendant Aurelio

---

[1]The Council for Occupational Development and Human Resources, in English.

CIVIL 09-2229CCC                                2

González-Cubero to be the new Executive Director of the Council (¶17).  González asked plaintiff to "continue working with the agency as a staff attorney, returning her to her career position with an increase in her salary as recognition of excellent work" (¶18).

Plaintiff, who is a member of the Popular Democratic Party (PDP), requested and was granted October 15, 2009 as a vacation day. (¶¶28-29).  Ríos took that day off in order to participate in what she describes as a "national strike" to protest the Governor's plan to discharge a large number of government employees.  Id.  Ríos was the only employee from the Council's Legal Division who participated in the strike (¶36).

On November 2, 2009 Ríos received a notice of summary suspension from employment, intent to dismiss, and a citation for a hearing signed by González-Cubero (¶58).  The notice stated that on October 28, 2009, the Director of Public Relations of the Council had found "material foreign to public service on the Council computer assigned to Ms. Ríos-Montoya's co-worker, Richard Timm" (¶59).  Plaintiff later learned that the "material foreign to public service" in Timm's computer was a photograph of her in a white dress taken at the beach at a co-worker's wedding (¶¶69-70).  It was not until the hearing set for November 12, 2009, that defendants amended the charges to accuse Ríos of having information foreign to public service on her own computer (¶¶73-74).  That hearing was postponed because of the new charges and was finally held on December 1, 2009.  Ríos-Montoya admits, at ¶90, that she was filing her complaint without waiting for the Executive Director to make his decision.[2]  Plaintiff further states, at ¶91, that she "has been without a salary for more than a month now, without any hope of rapid or legal resolution of her illegal suspension."

---

[2] The December 1, 2009 hearing was held eight days before plaintiff filed her complaint in this case.

CIVIL 09-2229CCC                                3

**Summary Judgment Standard**

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law."  Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  DeNovellis v. Shalala,124 F.3d. 298, 306 (1st Cir. 1997).   The nonmoving party must establish the existence of at least one relevant  and material fact in dispute to defeat such a motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).

The purpose of a summary judgment motion is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1992).  The Court must look at the record in the light most favorable to the non-moving party; however the Court need not rely on unsubstantiated allegations.  To defeat a motion for summary judgment, evidence offered by non-movant "must be significantly probative of specific facts." Prescott v. Higgins, 538 F.3d. 32, 40 (1st Cir. 2008); Pérez v. Volvo Car Corp, 247 F.3d. 303, 317 (1st Cir. 2001). We may ignore "conclusory allegations, improbable inferences and unsupported speculation. Prescott, at 40.

A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.  A fact is material if it has the potential of determining the outcome of the litigation.  The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial."  [A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and

CIVIL 09-2229CCC                                   4

(3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."
RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995).

That is, the non-moving party may only overcome the motion with evidence sufficient
to raise a genuine issue of fact that is both relevant and material.  See,  Daury v. Smith,
842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986).  That
is, "the mere existence of some alleged factual dispute between the parties will not defeat
an otherwise properly supported motion [. . .]."  Anderson v. Liberty Lobby, 477 U.S. 242,
248 (1986).

On issues where the nonmovant bears the ultimate burden of proof at trial, he may
not defeat a motion for summary judgment by relying on evidence that is "merely colorable"
or "not significantly probative".  Rather, the nonmovant  must present definite, competent
evidence to rebut the motion.  Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993), citing
Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).  Summary judgment is
appropriate even when elusive concepts like motive or intent are in play if the non-moving
party  rests merely upon conclusory allegations, improbable inferences, and unsupported
speculation.  Feliciano v. El Conquistador, 218 F.3d 1 (1st Cir. 2000);  Medina Muñoz v.
R.J. Reynold Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  Therefore, the nonmoving party's
failure to advance evidence establishing the essential elements of the cause of action, and
for which they have the burden of proof, warrants the dismissal of the case through
summary judgment.  Celotex v. Catrett, 477 U.S. 37 (1986).

**Defendants' Arguments and Additional Facts**

Defendants raise the following issue in their motion for summary judgment: (1) that
Ríos-Montoya's §1983 claims against González-Cubero in his personal capacity do not
comply with the pleading standard; (2) that plaintiff failed to state a First Amendment claim;
(3) that she failed to state either a substantive or procedural due process claim under the
Fourteenth Amendment; (4) González-Cubero is entitled to Qualified Immunity; (5) Eleventh

CIVIL 09-2229CCC                                        5

Amendment Immunity; (6) failure to state claims under Law 100, Law 80, Article 1802 of the Civil Code of Puerto Rico; and (7) failure to state a claim for which injunctive relief may be granted.

Plaintiff, in jumping the gun on the filing of this complaint only eight days after the administrative hearing and before the completion of the administrative process, included several averments that never came to pass: Ríos never suffered "irreparable harm each day she is unemployed due to defendants' unconstitutional actions" (Complaint, at ¶128), nor is there any need to "[grant] a preliminary injunction restoring Ms. Ríos-Montoya to her position with the Council." Id., at 131. The decision and order of the Council, Exhibit 17, adopting the Hearing Examiner's recommendation, defendants' Exhibit 16, reflects that plaintiff was not discharged from her position. Similarly, her request for "liquidated damages of double the back-pay and front-pay," is meritless. Defendants' Exhibit 19, a certification by José F. Jiménez-Améstica, Deputy Director of Fiscal Management and Monitoring, reflects that plaintiff was paid her salary during the time she was suspended.[3]

Plaintiff's opposition is very general and does not address most of defendants' arguments. Therefore, we will first address those to which no objections were raised:

**A.     Law 80, 29 L.P.R.A. §185a**

Law 80 provides a severance pay scheme in cases when an employee is discharged without just cause. Inasmuch as Ríos-Montoya was not terminated from her position, this cause of action is DISMISSED.

---

[3]Notwithstanding that payment was made throughout her suspension, plaintiff avers at ¶91of her complaint, "Ms. Ríos-Montoya has been without a salary for more than a month now . . . ." Plaintiff admitted in her Response to Defendants Statement of Uncontested Facts that she was paid her full salary during this period. See, plaintiff's admission of defendants' fact No. 45, docket entry 30-1, at 14.

CIVIL 09-2229CCC                          6

###### B.      Eleventh Amendment Immunity

Defendants further argue that the claims for monetary damages against the Commonwealth of Puerto Rico, the Council and Gonzalez Cubero in his official capacity are barred by their Eleventh Amendment Immunity. Rios-Montoya does not address this issue in her opposition.

The Eleventh Amendment bars money damage claims under Section 1983 asserted by a private individual against an unconsenting state.  Will v. Michigan Dept. of Police, 491 U.S. 58, 62 (1989); Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989).  The Eleventh Amendment embodies a constitutional constraint on the exercise of federal judicial power that renders an "unconsenting state immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973).  The First Circuit has held that the Eleventh Amendment deprives the federal court from hearing claims for damages against the Commonwealth of Puerto Rico.  Figueroa-Rodríguez v. Aquino, 863 F.2d 1037, 1044 (1st Cir. 1988); Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." Ezratty v. Commonwealth of Puerto Rico, 648 F.2d 770, 776 (1st Cir. 1988).  "The Eleventh Amendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991). See also, Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Authority, 945 F.2d 10, 11 n.1 (1st Cir. 1991), reversed and remanded on other grounds, 503 U.S. 139 (1993); Rodríguez García v. Dávila, 904 F.2d 90, 98 (1st Cir. 1990).

Similarly, Eleventh Amendment Immunity has also been extended to suits brought against state officials in the exercise of their duties to uphold government policy where recovery will come from the public fisc. Kentucky v. Graham, 473 U.S. 159 (1985).

CIVIL 09-2229CCC                                 7

> Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. **It is not a suit against the official personally, for the real party in interest is the entity.**

Id., at 165-66 (internal citations and quotations omitted).

> But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself.

Will v. Michigan Dept. Of State Police, 491 U.S. 58, 91 (1989) (internal citations and quotations omitted).Therefore, the claims against the Commonwealth of Puerto Rico, the Council and Gonzalez-Cubero, in his official capacity, are DISMISSED.

####   C.      Law 100, 29 L.P.R.A. §149, et seq.

Law 100 prohibits "employer[s] from discriminating against their employees on the basis of political affiliation and ideology.  The term "employer" is defined as including " any natural or [juridical] person employing laborers, workers or employees . . . . It **shall** include all such agencies or instrumentalities of the Government of Puerto Rico **as may be operating as private business or enterprises.**" 29 L.P.R.A. §151(2).  Calderón-Garnier v. Sánchez-Ramos, 439 F. Supp. 2d. 229, 238-39 (D. Puerto Rico 2006) (Our emphasis). Plaintiff has neither claimed nor demonstrated that the Department of Labor and Human Resources, of which the Council is a part, operates as a private business or enterprise. Therefore, since the Council is not an employer, as defined in Law 100, the Law 100 claim against it is DISMISSED. Since Aurelio Cubero Gonzalez is not plaintiff's employer as agent of the Council, under the statutory definition of that term, the Law 100 claim against him must also be DISMISSED.  Arce-Rey v. Pereira, 2008 WL 471547 (D.P.R. 2008).

CIVIL 09-2229CCC                                            8

> ### D.    Fourteenth Amendment –Procedural Due Process

The Supreme Court has explained the critical importance attached to the requirement
that a procedural due process claimant allege the unavailability of constitutionally adequate
remedies under state law.  As it stated in <u>Zinermon v. Burch</u>, 494 U.S. 113, 125-126 (1990):

> In procedural due process claims, the deprivation by state action of a
> constitutionally protected interest in "life, liberty, or property" is not in itself
> unconstitutional; what is unconstitutional is the deprivation of such interest
> *without due process of law* . . .  The constitutional violation actionable under
> §1983 is not complete when the deprivation occurs; it is not complete unless
> and until the State fails to provide due process. Therefore, to determine
> whether a constitutional violation has occurred, it is necessary to ask what
> process the State provided, and whether it was constitutionally adequate.

(emphasis in the original) (citations omitted).

At the pre-termination stage, due process requires that the tenured public employee
receive oral or written notice of the charges against him, an explanation of the employer's
evidence, and an opportunity to present his side of the story.  <u>Jackson v. Norman</u>,
264 Fed. Appx. 17, 19 (1st Cir. 2008).     In the notice dated November 2, 2009 and signed
by González-Cubero, the Executive Director, plaintiff was suspended and notified of the
intention to terminate her employment if the alleged facts were proven after holding the
corresponding hearing.  <u>See</u>, notice at 2, Exhibit 9.  The notice contained a detailed list of
the alleged violations.  It also notified that she could be represented by an attorney at the
hearing set for Thursday, November 12, 2009.  That hearing was postponed at the request
of plaintiff's attorney on the date set, when the employer amended the charges and counsel
requested time to review the evidence.  <u>See</u>, examining officer's report, at 3. The hearing
was then held on December 1, 2009 before examiner Miguel A. Candelario. Plaintiff's
attorney argued on her behalf but did not submit documentary evidence.  <u>Id</u>., at 5.  The
examiner took the matter under advisement, including the employer's thirteen (13) items of
documentary evidence to support its intent to discharge the plaintiff.  In his report of
December 11, 2009, Candelario determined that the disciplinary action of dismissal was not
in order and instead recommended that she be restored to her position and be given a

CIVIL 09-2229CCC                              9

written reprimand.  The Decision and Order issued by defendants on January 4, 2010 adopted the examiner's recommendations.   In sum, Ríos-Montoya was provided with procedural due process in the form of notice and a hearing at which she was represented by legal counsel who argued on her behalf. Plaintiff prevailed and she was reinstated to her position.

Additionally, with regard to procedural due process in suspension settings, the Supreme Court of the United States has observed that the way to "avoid the problem" of preserving an employee's pre-termination due process rights when their continued presence would be detrimental to the workplace is to suspend him/her **with pay**. Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 544-45 (1985).  In Bennett v. City of Boston, 869 F.2d, 19, 22 (1st Cir. 1989), the First Circuit Court  stated that "we need not decide whether Bennett's pre-April 15 suspension (from March 23 until April 24) violated the Due Process Clause, for the City paid Bennett during this period.  There is no significant evidence that the suspension hurt Bennett, because it was with pay." (Citations omitted).  Other circuits have found, in similar circumstances, that the procedural due process claim fails when an employee is suspended with pay.  See, e.g. Muñoz v. Bd. of Trustees of University of the District of Columbia, 2011 WL 1753790, *3 (D.C. Cir. 2011); Palka v. Shelton, 623 F.3d. 447, 453 (7th Cir. 2010) (A suspension with pay does not trigger due-process protections unless the suspension imposes a substantial indirect economic effect on plaintiff.); McCarthy v. Darman, 372 F.3d. 346, 351 (3rd Cir. 2010); McIntosh v. Partridge, 540 F.3d. 315 (5th Cir. 2008); Harris v. Detroit Public Schools, 245 Fed. Appx. 437, 444 (6th Cir. 2007); Dias v. Elique, 436 F.3d. 1125, 1132 (9th Cir. 2006).

Ríos-Montoya, having been suspended with pay and having been given both notice of the intent to terminate, with a listing of the charges, and a pre-termination hearing at which she prevailed, resulting in being reinstated to her position, the procedural due process claim under the Fourteenth Amendment is DISMISSED.

### E.    Substantive Due Process

Plaintiff's complaint also contains a claim of violation of substantive due process. Substantive due process is a constitutional cause of action that leaves the door slightly ajar for a federal relief in brutal and offensive situations.  "In order to assert a valid substantive due process claim, plaintiff must prove that she suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through government action that shocks the conscience."  Clark v. Boscher, 514 F.3d. 107, 112 (1st Cir. 2008). However, other than invoking the boiler-plate, formulaic words, "shocks the conscience" in ¶109 of her complaint, Ríos-Montoya's factual allegations, do not configure such a cause of action, see Rivera v. Rhode Island, 402 F.3d 27, 35-36 (1st Cir. 2005) (substantive due process claim must involve "conscience-shocking" conduct by state officials).  Therefore, plaintiff's substantive due process claim is also DISMISSED.

### F.    The Political Discrimination Claim

Ríos-Montoya avers that González-Cubero suspended her with the intent to terminate her employment because of her political affiliation with the PDP.  She points primarily to her participation in a "national strike" protesting Law 7 which would implement the NPP governor's decision to reduce the size of government by discharging thousands of public employees as the protected activity for which her time off was approved. She claims that her participation in such protected activity resulted in the notification of her suspension and intent to discharge her only one week later.  The United States Supreme Court has noted that "[s]ome courts hold that an employee asserting a retaliation claim can prove causation simply by showing that the adverse employment action occurred within a short time after the protected activity." Crawford v. Metropolitan Government of Nashville and Davidson, 129 S.Ct. 846, 854 (2009); Clark County School Dist v. Breeden, 532 U.S. 268, 273 (2001) (noting that some cases "accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality

to establish a prima facie case); <u>Ahern v. Shinski</u>, 629 F.3d. 49, 58 (1st Cir. 2010); <u>Mercado-Berríos v. Cancel Alegría</u>, 611 F.3d. 18, 24 (1st Cir. 2010).  Considering the temporal proximity factor and the concrete factual allegations of the complaint related to the computers and the partisan political conduct and actions by defendants, their challenge to plaintiff's political discrimination claim fails under the Constitutions of the United States and Puerto Rico.

Defendant González' claim of Qualified Immunity Defense fails.  González argues that, at the time of Ríos-Montoya's suspension, it "was clearly established that public property cannot be used for personal purposes and that said conduct violated certain Regulations in force at the Consejo, among other statutes and regulations." Motion for Summary Judgment, at 20.  At the time of her suspension and threat with discharge, however, there was no evidence that **she** had used public property for personal purposes; that is, no wrongdoing on her part was alleged.  Rather, it was because **someone else** had a photo of her **in his computer**.  Additionally, plaintiff's right to be free from political discrimination in her employment was clearly established.  Therefore, the claim for political discrimination remains.

### G.    Claim for Preliminary and Permanent Injunctive Relief

Ríos-Montoya's claim for preliminary and permanent injunction relief, which would be the only viable claim against the Council and the Commonwealth of Puerto Rico are based on her false representation that "Ms. Ríos-Montoya is suffering irreparable harm each day she is unemployed due to defendants' unconstitutional actions."    Complaint ¶128. Inasmuch as she has never been unemployed or without her salary, the request for reinstatement as injunctive relief is DISMISSED.

For the above-stated reasons, defendants' Motion for Summary Judgment **(docket entry 26)** is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED as to the Procedural and Substantive Due Process claims under the Fourteenth Amendment of

CIVIL 09-2229CCC                                    12

the United States and Puerto Rico Constitutions, Puerto Rico Laws 100 and 80, and for injunctive relief against all defendants, and DENIED as to the claim of political discrimination under the First Amendment of the U.S. Constitution and the Puerto Rico Constitution, Puerto Rico Const. Article II, §8 and Article 1802 of the Civil Code of Puerto Rico **against Aurelio González-Cubero, in his personal capacity and his conjugal partnership**.

SO ORDERED.

At San Juan, Puerto Rico, on August 2, 2011.


S/CARMEN CONSUELO CEREZO
United States District Judge